IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KEVIN JOHNSON, SPN #02726817, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. H-19-273 |
| HOUSTON POLICE DEPARTMENT, | § § § | |
| Defendant. | § | |

## ORDER OF DISMISSAL WITHOUT PREJUDICE

Plaintiff Kevin Johnson (SPN #02726817) filed this civil rights complaint under 42 U.S.C. § 1983 against the Houston Police Department, alleging violations of his civil rights in connection with his arrest. (Docket Entry No. 1). On February 13, 2019, the Court ordered Plaintiff to submit a More Definite Statement regarding his claims within thirty days of the date of that Order. (Docket Entry No. 4). In that Order, the Court specifically warned: **"The plaintiff's failure to comply as directed may result in the dismissal of this action for want of prosecution under Rule 41(b) of the Federal Rules of Civil Procedure without further notice."** Id. at 7 (emphasis in original). To date, Plaintiff has not responded to the Court's Order directing him to submit a More Definite Statement and has not otherwise attempted to comply.

Plaintiff's failure to pursue this action leads the Court to conclude that he lacks due diligence. Therefore, under the

inherent powers necessarily vested in a district court to manage its own affairs, the Court determines that dismissal for want of prosecution is appropriate. *See* FED. R. CIV. P. 41(b); Slack v. McDaniel, 120 S. Ct. 1595, 1607 (2000) (stating that "[t]he failure to comply with an order of the court is grounds for dismissal with prejudice"); Larson v. Scott, 157 F.3d 1030 (5th Cir. 1998) (noting that a district court may *sua sponte* dismiss an action for failure to prosecute or to comply with any court order).

Plaintiff is advised, however, that relief from this Order may be granted upon a proper showing in accordance with Rule 60(b) of the Federal Rules of Civil Procedure. At minimum, a proper showing under Rule 60(b) includes full compliance with the Court's previous orders, including the filing of his More Definite Statement as directed and meeting the filing fee requirement by either paying the filing fee or submitting a properly supported motion to proceed *in forma pauperis* with a certified copy of his inmate trust fund statement or institutional equivalent.

Accordingly, based on the foregoing, it is hereby

**ORDERED** that this case is **DISMISSED** without prejudice for want of prosecution; it is further

**ORDERED** that Plaintiff's motion to proceed *in forma pauperis* (Docket Entry No. 2) is **DENIED as MOOT.**

The Clerk will enter this Order, providing a correct copy to all parties of record.

SIGNED at Houston, Texas, on this 29th day of March, 2019.

_____
EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE